| ISLAND PORTFOLIO SERVICES, LLC. como agente de ACE ONE FUNDING, LLC<br><br>Parte Apelante<br><br>v.<br><br>RICARDO MALAVET SANTIAGO<br><br>Parte Apelada | KLAN202500001 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil Núm.: CD2024CV00085<br><br>Sala: 702<br><br>Sobre: Cobro de Dinero R60 |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de febrero de 2025.

Compareció ante este Tribunal la parte apelante, Island Porfolio Services, LLC. (en adelante "Island" o el "Apelante"), mediante recurso de apelación presentado el 2 de enero de 2025. Nos solicitó la revocación de la *Sentencia* dictada por el Tribunal de Primera Instancia, Sala Superior de Caguas (en adelante, el "TPI"), el 3 de diciembre de 2024, notificada y archivada en autos el día 5 del mismo mes y año. Mediante el referido dictamen, el foro apelado desestimó la "**Demanda**" interpuesta por el Apelante, al concluir que transcurrieron ocho (8) meses sin que se diligenciara la citación del presente caso al Sr. Ricardo Malavet Santiago (en adelante, el "señor Malavet Santiago o el "Apelado").

Por los fundamentos que expondremos a continuación, se *revoca* la *Sentencia* apelada.

**I.**

El caso de autos se originó el 26 de marzo de 2024, con la presentación de una "**Demanda**" al amparo del procedimiento sumario de cobro de dinero dispuesto en la Regla 60 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 60, por parte de Island en contra del señor Malavet Santiago. Mediante la misma, el

Apelante sostuvo que el Apelado le adeudaba una suma ascendente a $3,616.33, más intereses por concepto de cierto préstamo personal que Island Finance, LLC/ Santander Financial Services, Inc. El 12 de agosto de 2024, Island presentó una "**Moción Sometiendo Documentos**" mediante la cual expresó que la *Notificación y Citación Sobre Cobro de Dinero* (en adelante, "Notificación-Citación"), así como la "**Demanda**" y sus anejos no fueron reclamados por el señor Malavet Santiago y fueron marcados por el servicio postal como *unclaimed.* Así pues, le solicitó al Tribunal que hiciera formar parte del expediente digital del caso la hoja de rastreo que evidencia que los referidos documentos no fueron reclamados. El 20 de agosto de 2024, se celebró la *Conferencia Inicial* en la que el TPI le concedió a la representación legal del Apelante un término de quince (15) días para informar el curso a seguir, toda vez que la *Notificación-Citación* aparecía *unclaimed.*

Varios días después, el 26 de agosto de 2024, Island presentó una "**Moción en Cumplimiento de Orden Solicitando Autorización para Diligenciar Personalmente la Notificación-Citación**", a través de la cual informó que en su base de datos constaba una dirección física válida del señor Malavet Santiago, por lo que le solicitó al TPI que autorizara el diligenciamiento personal de la *Notificación-Citación* a dicha dirección. El 30 de agosto de 2024, el TPI ordenó a la secretaría del Tribunal a expedir la referida citación. El 30 de agosto de 2024 y el 5 de septiembre de 2024, se expidió la citación para ser diligenciada personalmente.

Posteriormente, el 23 de octubre de 2024, el Apelante presentó una "**Moción en Solicitud de Autorización para Emplazar por Edicto ante el Honorable Tribunal**" en la que le informó al TPI que se había intentado diligenciar personalmente la *Notificación-Citación* y que los intentos habían sido infructuosos. A esos fines, anejó una declaración jurada suscrita por el emplazador y le solicitó al Tribunal que: (1) autorizara el emplazamiento al Apelado mediante edicto y (2) convirtiera el pleito a uno ordinario de cobro de dinero. Esta petición fue declarada "No Ha Lugar" mediante *Orden* del 20 de noviembre de 2024. Así las cosas, el 29 de noviembre de 2024, el Apelante presentó una "**Moción Informativa y Solicitando Aclaración**" con el propósito de conocer las razones por las cuales el foro de instancia no autorizó la expedición del emplazamiento por edicto y la

conversión a un pleito ordinario. El 3 de diciembre de 2024, se llevó a cabo la continuación de la *Conferencia Inicial* en la que el TPI le indicó al Apelante lo siguiente: (1) que las notificaciones se expidieron desde el 4 de abril de 2024, (2) se había pautado una vista en el mes de agosto y (3) que el diligenciamiento de las mismas estaba en exceso del término sumario. Asimismo, sostuvo el juzgador de instancia que el procedimiento sumario de cobro de dinero permitía la entrega personal, sin el requisito de notificar por edicto. Finalmente, el 5 de diciembre de 2024, el TPI emitió una *Sentencia* en la que desestimó la "**Demanda**", sin perjuicio, fundamentándose en que ya habían transcurrido ocho (8) meses desde la presentación de la "**Demanda**" sin que se le hubiera diligenciado la citación al señor Malavet Santiago.

Inconforme con lo anteriormente resuelto, el Apelante acudió ante este Tribunal mediante el recurso de epígrafe, en el que señaló el siguiente error:

> **Incidió el Honorable Tribunal de Primera Instancia al desestimar el caso sin antes convertir el asunto al trámite ordinario[,] según lo resuelto en Primera Cooperativa de Ahorro v. Hernández, 2020 TSPR 127, aplicando así la sanción más severa posible**.

**II.**

La Regla 60 de Procedimiento Civil regula el procedimiento sumario de la acción de cobro de dinero para cantidades que no excedan los quince mil dólares ($15,000.00), excluyendo intereses. 32 LPRA Ap. V, R. 60. Su propósito es "agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas, para así lograr la facilitación del acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación". Asoc. Res. Colinas Metro. v. S.L.G., 156 DPR 88, 97 (2002) (énfasis omitido).

Debido a la naturaleza sumaria del procedimiento bajo la Regla 60, *supra*, las reglas de procedimiento civil ordinario sólo aplican de forma supletoria y en la medida en que sean compatibles con el propósito que persigue esta regla. Íd., pág. 98. Así, en el procedimiento sumario bajo la Regla 60, *supra*, se prescinde de la contestación a la demanda, del descubrimiento de prueba y de las estrictas exigencias del diligenciamiento ordinario de un emplazamiento. Íd., pág. 97.

Según dispuesto en la referida Regla 60, *supra,* en lugar del emplazamiento formal, en este tipo de procesos se notificará mediante una citación que indique

la fecha señalada para la vista en su fondo, con la advertencia de que en dicho proceso la parte demandada "deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra". Íd. Si la parte demandada comparece a la vista, puede refutar el derecho del demandante al cobro de dinero, así como cualquier otra cuestión litigiosa. Asoc. Res. Colinas Metro. v. S.L.G., *supra*, pág. 99. No obstante, el sólo hecho de que el demandado no comparezca a la vista no releva al demandante de su obligación de probar que tiene a su favor una deuda líquida y exigible, que el deudor es el demandado y que la notificación-citación a éste efectivamente se realizó.

Surge de lo antes indicado que la anotación de rebeldía en los procedimientos al amparo de la Regla 60, *supra*, difiere sustancialmente de la sentencia en rebeldía dictada al amparo de los procedimientos ordinarios, donde se dan por admitidos los hechos bien alegados en la demanda, obviando así la necesidad de presentar prueba sobre éstos. Audiovisual Lang v. Sist. Est. Natal Hnos., 144 DPR 563, 577-578 (1997). En consecuencia, en un procedimiento bajo la Regla 60, *supra*, la comparecencia de la parte demandante a la vista en su fondo es indispensable para que el Tribunal pueda determinar si procede dictar sentencia a su favor. Asoc. Res. Colinas Metro v. S.L.G.*, supra*, pág. 100. Es decir, que el Tribunal "no puede descansar simplemente en las alegaciones, aunque éstas contengan hechos específicos y detallados sobre el particular". Íd.

Recientemente, el Tribunal Supremo reiteró que debido al carácter sumario del procedimiento establecido por la Regla 60, *supra*, "el emplazamiento por edicto, la contestación a la demanda, el descubrimiento de prueba, *las reconvenciones*, la demanda contra terceros, entre otros, son preceptos incompatibles con esta herramienta sumaria". Río Mar Community Association, Inc. v. Mayol Bianchi, 208 DPR 100, 108 (2021) (énfasis en el original).

En consonancia con lo anterior, el máximo foro judicial resolvió que tras unas enmiendas incorporadas a la Regla 60 de Procedimiento Civil, *supra*, cualquiera de las partes, en el interés de la justicia, "***tendrá derecho a solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario*** prescrito por estas reglas o el tribunal podrá motu proprio

**ordenarlo, sin que sea necesario cancelar la diferencia en aranceles que correspondan al procedimiento ordinario**". Cooperativa v. Hernández Hernández, 205 DPR 624, 637 (2020) (énfasis en el original). Así pues, concluyó el Tribunal Supremo que una parte promovente de un pleito sumario de cobro de dinero **tiene derecho** a peticionar que el pleito continúe ventilándose por la vía ordinaria. Íd. "**Claro está, el reconocimiento de este derecho a las partes no implica que automáticamente la conversión deba ser concedida, sino que el tribunal de instancia deberá sopesar los méritos de la solicitud.**" Íd. (énfasis en el original).

De ahí que se dispusiera específicamente que procede la conversión del pleito al trámite ordinario cuando: (1) la parte demandada demuestra que tiene una reclamación sustancial; (2) cuando, en el interés de la justicia, las partes ejercen su derecho de solicitar que el pleito se continúe ventilando por el trámite civil ordinario; (3) partiendo de ese mismo interés, el tribunal *motu proprio* tiene la discreción para así ordenarlo; (4) cuando la parte demandante no conoce ni provee el nombre y la dirección del deudor, y (5) si fuera necesario emplazar por edicto. Íd., págs. 637-638.

A la luz de lo anterior, se dispuso que por la severidad que conlleva la desestimación, esta última no procedía cuando la parte demandante está impedida de diligenciar la notificación-citación dentro del plazo breve que dispone la Regla 60 de Procedimiento Civil, *supra*.

> **Por lo tanto, si a pesar de la diligencia del promovente de cumplir con las exigencias de la Regla 60 para ventilar sumariamente el pleito, esto no ha sido posible, lo que procede, en primer lugar, es la conversión del pleito al procedimiento civil ordinario, y no necesariamente la desestimación de la causa de acción. De modo que, siguiendo los pronunciamientos expuestos, queda en manos del foro de instancia asegurarse que la causa de acción amerite la conversión del procedimiento**". Íd., pág. 640 (énfasis en el original y suplido).

**III.**

En el presente caso, Island nos solicitó la revocación de la *Sentencia* del TPI en la que desestimó la "**Demanda**", sin perjuicio. Como único señalamiento de error, el Apelante sostiene que el foro *a quo* incidió al desestimar el caso sin antes convertir la causa de acción al trámite ordinario, aplicando así la sanción más severa. Le asiste la razón. Veamos.

Del expediente ante nuestra consideración se desprende lo siguiente: (1) el 26 de marzo de 2024, Island presentó una "**Demanda**" al amparo de la Regla 60 de Procedimiento Civil, *supra*, en contra del señor Malavet Santiago; (2) el 12 de agosto de 2024, el Apelante informó que la *Notificación-Citación* no fue reclamada por el Apelado en el servicio postal; (3) el 20 de agosto de 2024, el TPI le concedió a Island un término de 15 días para anunciar el curso a seguir, (4) tras la solicitud del Apelante, el 30 de agosto de 2024, el foro *a quo* ordenó la expedición de la citación a la dirección física del senor Malavet Santiago para que ésta fuera diligenciada personalmente; (4) el 23 de octubre de 2024, Island le peticionó al TPI la conversión ordinaria del procedimiento y en consecuencia, obtener la autorización para emplazar por edicto al Apelado, toda vez que se efectuaron las diligencias necesarias para citar al Apelado personalmente pero dichos intentos no rindieron frutos; y por último, (5) el 5 de diciembre de 2024, el foro apelado desestimó la causa de acción, sin perjuicio, bajo el fundamento de que había transcurrido en exceso del plazo dispuesto en la Regla 60 de Procedimiento Civil, *supra*, para diligenciar la *Notificación-Citación*.

Conforme hemos reseñado en los acápites anteriores, el objetivo de la Regla 60 de las de Procedimiento Civil, *supra*, es aligerar y facilitar los procedimientos en acciones de reclamaciones de cuantías pequeñas. Asoc. Res. Colinas Metro. v. S.L.G., *supra*, pág. 97. Debido a su naturaleza sumaria, nuestro máximo foro judicial ha determinado que el emplazamiento por edicto es un precepto incompatible con dicha herramienta procesal. Río Mar Community Association, Inc. v. Mayol Bianchi, *supra*, pág. 108. No obstante lo anterior, también ha señalado con claridad que si el promovente, a pesar de su diligencia de cumplir con la Regla 60 de Procedimiento Civil, *supra*, para tramitar el pleito sumariamente, no lo consigue, lo que corresponde en primer término es la conversión del pleito en uno civil ordinario y no la desestimación de la causa de acción. Cooperativa v. Hernández Hernández, *supra*, pág. 640.

Tras un análisis exhaustivo y minucioso del expediente ante nuestra consideración y de los autos electrónicos ante el foro apelado, hemos arribado a la conclusión de que no procedía la desestimación de la causa de acción interpuesta por Island. Esto se debe a que lo expresado por nuestro máximo foro

judicial es claro y contundente: si, pese a la diligencia del demandante en cumplir con los requisitos dispuestos por la Regla 60 de Procedimiento Civil, *supra,* para la ventilación sumaria del pleito, ello no resulta posible, lo procedente es la conversión del pleito al procedimiento civil ordinario, en lugar de la desestimación de la causa de acción. Íd. Es decir, cuando al promovente se le ha hecho imposible notificar a un demandado mediante los mecanismos previstos en la referida Regla, el tribunal no puede, como primera opción, desestimar el pleito, siempre y cuando las circunstancias del caso así lo ameriten.

Tal y como se aprecia, en el presente caso el Apelante intentó notificar al Apelado del proceso que inició en su contra mediante los mecanismos disponibles por la Regla 60 de Procedimiento Civil, *supra*, a saber: (1) mediante correo certificado con acuse de recibo **y** (2) mediante diligenciamiento personal. Esto es, Island procuró hacerle llegar la *Notificación-citación* al señor Malevet Santiago tanto a su dirección postal como a su domicilio físico. No fue sino hasta que agotó todos los remedios disponibles que le solicitó al foro *a quo* la autorización para diligenciar el emplazamiento por edicto y la conversión del procedimiento a uno ordinario. Nótese que, no estamos ante un cuadro fáctico en el que se solicitó emplazar por edicto sin base en el expediente. Por el contrario, el expediente demuestra que ante la imposibilidad de emplazar al Apelado mediante los mecanismos provistos por la Regla 60 de Procedimiento Civil, el Apelante le solicitó al foro primario la conversión del procedimiento para poder emplazarlo mediante edicto y así permitir que el tribunal adquiriera jurisdicción sobre éste.

Todo ello guarda lógica, puesto que, al haberse agotado todas las opciones de notificación disponibles, la conversión del proceso era la única alternativa viable para continuar con la causa de acción. En otras palabras, apreciamos que Island demostró diligencia y proactividad en todo momento para intentar notificar del procedimiento al Apelado y cumplir con los términos dispuestos en la Regla 60 de Procedimiento Civil, *supra*. Sostenemos, pues, que no estamos ante un caso en el que la parte promovente se cruzó de brazos y simplemente buscó el remedio más fácil por parte del TPI. Por consiguiente, resultaría injusto penalizar a Island con la sanción más severa por intentar agotar todos los medios alternativos de diligenciamiento que ofrece la precitada Regla.

En vista de lo anterior, concluimos que el TPI erró al desestimar la "**Demanda**", bajo el fundamento de que el término sumario de la Regla 60 de Procedimiento Civil, *supra*, ya había transcurrido. Resolver lo contrario, iría en contra del propio propósito de las Reglas de Procedimiento Civil, ya que obligaría al Apelante a incurrir nuevamente en los gastos que representa la tramitación de un nuevo caso ante el Tribunal. Así pues, a la luz del principio de resolver las controversias de forma justa, rápida y económica, y asegurándole un debido proceso de ley y acceso al foro judicial a las partes, procedía autorizar la expedición del emplazamiento por edictos y la conversión del litigio a uno ordinario.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, se *revoca* la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Salgado Schwarz disiente con voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| ISLAND PORTFOLIO SERVICES, LLC COMO AGENTE DE ACE ONE FUNDING, LLC<br><br>APELANTE<br><br>V.<br><br>RICARDO MALAVET SANIAGO<br><br>APELADO | KLAN202500001 | *Apelación* Procedente del Tribunal de Primera Instancia, Sala Superior de Caguas |
|---|---|---|
| | | Civil Núm.: CD2024CV00085 |
| | | SOBRE: Cobro de Dinero |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez

# OPINIÓN DISIDENTE DEL
# JUEZ CARLOS G. SALGADO SCHWARZ

En San Juan, Puerto Rico, a 26 de febrero de 2025

Mis hermanos jueces de panel justifican su curso de acción en este caso en lo resuelto por nuestro Tribunal Supremo en *Cooperativa v. Hernández Hernández*, 205 DPR 624 (2020) en que, en el interés de la justicia, "tendrá derecho a solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas o el tribunal podrá motu proprio ordenarlo, sin que sea necesario cancelar la diferencia en aranceles que correspondan al procedimiento ordinario".

En el punto donde existe una divergencia enorme en nuestra decisión, es en la **diligencia** desplegada por la parte demandante en el caso ante nuestra consideración, máxime, cuando comparamos dicha diligencia con la que fuera refrendada por nuestro Honorable Tribunal Supremo de Puerto Rico en el caso citado.

Nótese, que en *Cooperativa v. Hernández, supra*, la demanda fue presentada el 12 de febrero de 2019; el 14

de febrero de 2019 fue enviada la notificación-citación y el 17 de febrero de 2019 ya ésta fue devuelta por el correo. El 18 de marzo de 2019 ya la emplazadora estaba haciendo las diligencias para preparar la declaración jurada, allanando el camino para solicitar la conversión del procedimiento en ordinario y requerir permiso para emplazar por edicto. Todo esto antes de la vista pautada en la citación-notificación que fuera el 20 de marzo de 2019.

Ahora comparemos con el caso ante nos[1], donde la demanda se presentó el 26 de marzo de 2024, y las citaciones fueron expedidas el 4 de abril de 2024. Luego del envío por correo certificado con acuse de recibo dentro de los diez días de haber sido expedida la citación-notificación, resulta ser que la misma resultó devuelta por no haber sido reclamada por el apelado. Sin embargo, hay constancia de que el sobre estaba en el apartado del apelante el 15 de mayo de 2024. **¿Dónde se demuestra la diligencia del apelante cuando decide notificar de este hecho al TPI casi tres meses después el 12 de agosto de 2024?**

A pesar de esto, el TPI le concede la petición para que se diligenciara personalmente al apelado durante lo que fuera la Vista que originalmente fuera señalada para Juicio en su Fondo, el 20 de agosto de 2024. El 30 de agosto de 2024 y el 5 de septiembre de 2024 se expide la misma citación, señalando la causa para el 3 de diciembre del 2024 y ésta citación fuera diligenciada personalmente. Cuando finalmente examinamos la Declaración Jurada del emplazador contratado por la

---

[1] Todas las referencias hechas en el caso se encuentran en el expediente electrónico del mismo en SUMAC.

apelante cuando finalmente solicitan el emplazamiento por edicto y la conversión del pleito a uno ordinario, el 23 de octubre de 2024, el declarante indica bajo juramento que fue a diligenciar la citación el 20 de octubre de 2024. En este momento histórico no se ha convertido a ordinario el procedimiento, así que el suscribiente simplemente se cuestiona si dejamos a un lado los términos reglamentarios de la Regla 60 de los 10 días para diligenciar la citación-notificación, aún tomando como punto de partida esta nueva expedición de la citación. **También nos cuestionamos, ¿dónde está la diligencia desplegada por la parte apelante para justificar la conversión del caso de sumario a ordinario?**

Recordemos que en *Cooperativa v. Hernández Hernández, supra,* el Honorable Juez Asociado Kolthoff Caraballo nos indica: **"Claro está, el reconocimiento de este derecho a las partes no implica que automáticamente la conversión deba ser concedida, sino que el tribunal de instancia deberá sopesar los méritos de la solicitud." (Énfasis en el Original).**

Nos parece muy conveniente para el apelante el solicitar esta conversión sin demostrar una **diligencia básica** en el trámite de su caso. El revocar la Sentencia dictada por el TPI lo que hace es premiar la negligencia procesal de una parte, la displicencia que no se justifica con el advenimiento de la tecnología y las videoconferencias, que provoquen que un caso SUMARIO de cobro de dinero al amparo de la Regla 60 llegue a esto.

Tenemos un cuerpo reglamentario, debidamente interpretado por nuestro Tribunal Supremo. Es hora de

que se respete en el TPI para lograr la adjudicación rápida y eficiente de las causas.

Por lo cual, muy respetuosamente, *DISIENTO*.

CARLOS G. SALGADO SCHWARZ
JUEZ DE APELACIONES